UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN HICKS,

        Plaintiff,        CASE NUMBER: 10-13643
                              HONORABLE VICTORIA A. ROBERTS
v.                              MAGISTRATE JUDGE LAURIE J.
                                  MICHELSON

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
                                        /

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I. INTRODUCTION**

This matter is before the Court on the parties' cross motions for summary judgement. The motions were submitted to Magistrate Judge Laurie J. Michelson for a Report and Recommendation (R&R) pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Michelson recommends that the Court GRANT Plaintiff's motion, DENY Defendant's motion, and REMAND this matter for further administrative proceedings.

The Court reviewed the record and considered Defendant's objections. The Court finds the R&R well reasoned and **ADOPTS** Magistrate Michelson's recommendations.

**II. BACKGROUND**

Magistrate Michelson adequately summarizes the relevant facts and procedural history. R&R at 2-10. Her summary is incorporated here.

**III. STANDARD OF REVIEW**

1

Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) are available only to individuals who have a "disability." 42 U.S.C. § 423(a), (d). "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period or not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

The Social Security Act requires the Commissioner to follow a five-step process for evaluating claims of disability. The Sixth Circuit has summarized this process as follows:

> First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits ... physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (internal citations omitted).

If the Plaintiff satisfies her burden, the burden shifts to the Commissioner for the fifth factor to show that there is other work available in the economy that the claimant can perform. 20 C.F.R. §§ 404.1520(b)-(f). To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health & Human Servs.*, 820

F.2d 777, 779 (6th Cir. 1987). This substantial evidence may be in the form of Vocational Expert (VE) testimony, but only if the hypothetical question posed to the expert accurately portrays the claimant's individual physical and mental impairments. *Id.*

The Court has jurisdiction to review a final administrative decision of the Secretary pursuant to 42 U.S.C. § 405(g). The Administrative Law Judge's (ALJ) decision is conclusive and cannot be overturned if it is supported by substantial evidence. *Id.* at § 405(b)(1); *see also Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record."). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The standard presupposes that there is a "zone of choice" within which ALJ may make a decision without being reversed. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). Thus, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). In deciding whether substantial evidence supports the ALJ's decision, the Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

**IV.     MAGISTRATE'S RECOMMENDATION AND DEFENDANT'S OBJECTIONS**

The only issue appealed to this Court is whether the hypothetical question posed to the VE inadequately described Plaintiff's mental impairments, and, therefore, cannot serve as substantial evidence for the ALJ's denial of benefits.  The ALJ made the Step-Three finding that Plaintiff suffered from "moderate difficulties" with regard to concentration, persistence, or pace (CPP).  Tr. 20.  Plaintiff argues that the corresponding hypothetical question posed to the VE at the hearing failed to incorporate this finding.  In reaching his conclusion, the ALJ relied on the answer to the following hypothetical:

> I want you to assume we have an individual the same age, education and work experience as the Claimant.  That individual has the following residual functional capacity.  Sedentary work with a sit/stand option, no repetitive or overhead reaching with the right upper extremity.  No exposure to unprotected heights or any variety of hazardous machinery.  Must work in a well controlled environment with no exposure to extreme temperatures or humidity.  No exposure in confined spaces to dust, odors, fumes or gases.  *Simple, routine tasks only in a low stress environment.*  By that I mean minimal changes in work place setting.  Given those limitations, is there work an individual could perform?  Tr. 350 (emphasis added).

Plaintiff argues that the ALJ's limitation to "simple, routine tasks only in a low stress environment (by that I mean minimal changes in work place setting)" does not adequately account for her "moderate" limitation in CPP.  Defendant responds that a moderate limitation in CPP is consistent with a limitation to simple, routine work.  Therefore, according to Defendant, the VE's response to the above hypothetical that jobs exist in the region which Plaintiff could perform is substantial evidence upon which the ALJ properly denied Plaintiff's claim.

### A.    Magistrate's Recommendation

The Magistrate recommended remand.  Specifically, she agreed with Plaintiff that

a hypothetical simply limiting claimant to "simple routine tasks" may, in some instances, fail to capture a claimant's moderate limitation in CPP because "the difficulty of a task is not equivalent to the difficulty of staying on task." R&R at 11-12. The hypothetical question here addressed only the level of difficulty of the work, not the frequency that Plaintiff would be unable to concentrate. The Magistrate believes that the hypothetical must encompass both of the above components because a claimant with moderate limitations in CPP "may be unable to meet quotas, stay alert, or work at a consistent pace, even at a simple, unskilled, routine job." *Quoting Edwards v. Barnhart*, 383 F.Supp. 2d 920, 930 (E.D. Mich. 2005).

The Magistrate found that *Benton v. Comm'r of Soc. Sec.*, 511 F.Supp. 2d 842 (E.D. Mich. 2007) (Roberts, J.) was "squarely on point" and "controls in this case." In *Benton*, the ALJ, rather than a physician or mental health expert, determined that the plaintiff had moderate limitations in CPP. 511 F.Supp. 2d at 848 ("Defendant asserts that the ALJ was not interpreting the opinion of a physician or any other medical professional that Plaintiff had a 'moderate' concentration limitation. Instead, Defendant states the issue is what constitutes a 'moderate' concentration limitation according to the ALJ himself."). Yet, the ALJ did not adequately include his own CPP limitation in his residual functional capacity (RFC) finding, or in the hypothetical to the VE. In finding that the ALJ's limitation of "simple, routine, repetitive work" was inadequate, this Court stated:

> Here, the ALJ found that although Plaintiff has moderate deficiency in her ability to maintain concentration, persistence, and pace, she is able to perform [simple routine tasks]. However, the limitations included in the hypothetical question and the VE's testimony regarding the effect a lack of concentration has on the jobs mentioned was insufficient to suitably accommodate Plaintiff's concentration

5

> limitations. "Plaintiff may be unable to meet quotas, stay alert, or work at a consistent pace, even at a simple, unskilled, routine job." The current hypothetical question is not adequate on the issue of moderate limitations of concentration, persistence, and pace for this Court to determine the number of jobs identified by the VE that would be excluded if quotas or other aspects related to moderate concentration limitations were added to the hypothetical question. *Id.* at 849.

The Court remanded to determine if jobs existed consistent with claimant's CPP limitations. *Citing Edwards*, 383 F.Supp.2d at 931 ("An improper hypothetical question cannot serve as substantial evidence . . . .").

As the Magistrate noted, the facts in this case closely resemble those in *Benton*. In both cases, the ALJ, rather than a medical or mental health professional, determined that the claimant suffered moderate limitations in CPP. In both cases, no physician had opined that the claimant had moderate difficulties in CPP. The hypotheticals presented to the VEs were also nearly identical: in this case, the ALJ limited Plaintiff to "simple routine tasks in a low stress environment"; in *Benton*, the ALJ limited the claimant to "simple, routine, repetitive work." The Magistrate stated that "problematically, in both *Benton* and in this case the ALJ did not adequately include his own CPP limitation in his RFC assessment or hypothetical to the VE." R&R at 13. The Magistrate concluded that like facts compelled a like result: remand to determine whether jobs existed consistent with Plaintiff's limitation in CPP.

In reaching her conclusion, the Magistrate acknowledged a line of seemingly contradictory cases within this District that do not remand for the ALJ to include a moderate CPP limitation where a medical professional makes a finding that the claimant has moderate difficulties in CPP but can still work. R&R at 14, n.3. The Magistrate distinguished these cases though, where a medical professional found moderate

6

difficulties in CPP, from cases like *Benton* and the one before the Court, where the ALJ made the finding of moderate limitations in CPP.  The Magistrate added, "while an analogy might be made between those cases and ones, like this case, where the ALJ himself makes a finding of 'moderate' limitations in CPP but decides such a limitation is unnecessary when crafting his hypothetical and RFC assessment, there is authority that appears to be to the contrary."  R&R at 16, *citing Badour v. Comm'r of Soc. Sec.*, No. 10-13280, 2011 WL 3320872 at *1 (E.D. Mich. July 18, 2011), *adopted by* 2011 WL 3300673 (E.D. Mich. Aug. 2, 2011) ("The ALJ . . . acknowledged a greater degree of limitation than that found by [claimant's doctor].  The reversible error lies in her failure to incorporate such limitations into the hypothetical."); *Allen v. Comm'r of Soc. Sec.*, No. 09-13503, 2010 WL 3905983 at *5 (E.D. Mich. June 2, 2010), *adopted by* 2010 WL 3905194 (E.D. Mich. Sept. 30, 2010) ("The problem here is that the ALJ found explicitly that Plaintiff experienced moderate deficiencies in [CPP].  Despite this determination, he made no reference to concentrational limitations in the hypothetical questions . . . .").

Here, the ALJ explicitly found that Plaintiff suffered moderate limitations in CPP but did not reference this limitation in the hypothetical question.  The Magistrate concluded that the case should be remanded, and that the "ALJ should adequately account for his determination that Plaintiff had 'moderate' difficulties in 'concentration, persistence, or pace' in his RFC and additional VE testimony if necessary."  R&R at 17.

### B.    Defendant's Objections

Defendant asserts that *Benton*, which the Magistrate found controlling, is "either wrongly decided or inapplicable given the facts" of this case.  Def's Obj. at 2.  Defendant

7

argues that there is no evidence in the record that suggests that Plaintiff "may be unable to meet quotas, stay alert, or work at a consistent pace, even at a simple, unskilled, routine job," *quoting Benton*, 531 F.Supp. 2d at 849, and that for the Court to assume such evidence exists would be "sheer speculation." Instead of applying *Benton*, Defendant urges the Court to follow its decision in *Lewicki v. Comm'r of Soc. Sec.*, No. 09-11844, 2010 WL 3905375 (E.D. Mich. Sept. 30, 2010) and require Plaintiff to explain "why the facts of this particular case require a more detailed hypothetical question to adequately account for [her] own moderate limitations in [CPP]." *Id.* at *3.

Defendant also argues that this case is logically indistinguishable from the line of cases in this District holding that a limitation to simple, routine work can be sufficient where a medical professional determines claimant has moderate limitations in CPP but is still able to work. *See* R&R at 14 n.3. Defendant argues that the Magistrate's distinction between cases where the ALJ makes a finding of moderate limitation in CPP, and those where a medical professional makes the same finding, is unsound. He states: "The same ALJ who made the finding of moderate limitations also conducted a more detailed review of the evidence in his decision and concluded Plaintiff could do unskilled, simple, and routine tasks. The [R&R] offers no justification for assuming the ALJ's findings are inconsistent while assuming the consistency of a similar set of findings from a state agency psychologist." Def's Obj. at 1, n.1.

Defendant believes the facts in this case are closely aligned with those in *Griffieth v. Comm'r of Soc. Sec.*, 217 F.App'x 425 (6th Cir. 2007), which held that a claimant can have a severe impairment which has "little effect" on her ability to work. *Id.* at 428. He says that *Griffieth* stands for the proposition that, in certain situations, a

8

severe impairment "need not involve any work related limitations at all." Def's Obj. at 5. Thus, the restrictions here to simple, routine work were more than adequate.

Lastly, Defendant argues that even if there was an inconsistency between the ALJ's severity finding and the RFC, "the error was 'at most' harmless because the court 'found substantial evidence to support the finding of not disabled at' a later step in the evaluation process." Def's Obj. at 7, *quoting Griffieth* at 428. Defendant states that Plaintiff had essentially no psychiatric treatment, and made no argument that her mental impairment was actually disabling. He says that no reasonable factfinder could find Plaintiff disabled based on the evidence in the record. Therefore, remand in this case would be "an idle and useless formality."

**V.   ANALYSIS**

The Court is unpersuaded by Defendant's objections. The Magistrate noted that Defendant made no effort to distinguish *Benton* in his summary judgment brief; he similarly failed to distinguish it in his objections. He merely states that *Benton* is inapplicable because there is no evidence in the record indicating that Plaintiff's moderate limitations in CPP affected her ability to perform any tasks. This argument is a red herring. In reviewing the record, the District Court may not reweigh the evidence or decide facts anew. *Hale v. Sect'y of HHS*, 816 F.2d 1078, 1082 (6th Cir. 1987). The ALJ's findings are determinative "if there is 'such relevant evidence as a reasonable mind might accept' as sufficient to support the ALJ's conclusion." *Bass v. MacMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Here, the ALJ found that Plaintiff suffered from moderate limitations in CPP. The record supports this finding. *See* R&R at 3-7.

Plaintiff testified that she is tired and frustrated (Tr. 346); suffers from fatigue and has problems focusing (Tr. 342); her medications make her "really tired and sleepy" (Tr. 343); and, she falls asleep while driving (Tr. 343). Plaintiff's doctor diagnosed her with "daytime fatigue" and said she needed to get a sleep study. Tr. 266. A state agency psychologist described Plaintiff as "very frustrated," "a bit lethargic," "very anxious, but also somewhat depressed," and found that "her thoughts seem somewhat disorganized." Tr. 208-12. The evidence as a whole is sufficient to support the ALJ's determination that Plaintiff suffered moderate limitations in CPP; it is not this Court's job to reweigh the evidence and make an independent determination.

The ALJ made an explicit finding that Plaintiff experienced moderate deficiencies in CPP. Nevertheless, in his initial hypothetical question to the VE, the ALJ did not include this finding as a factor to be considered. The Magistrate judge correctly noted that the VE's opinion was based on an incomplete set of limitations, and that under these circumstances the opinion cannot serve as substantial evidence. This rule, as applied by this Court in *Benton*, controls the case. Defendant makes no real argument as to why this rule should not apply here.

Additionally, the Court finds that the Magistrate adequately distinguished this case from the line of cases holding that a limitation to simple, routine work can be sufficient where a medical professional determines claimant has moderate limitations in CPP but is still able to work. Here, the ALJ explicitly found that Plaintiff had moderate impairment in CPP. He made no findings with regard to Plaintiff's ability to work despite this impairment; nor did he rely on any medical opinion that Plaintiff would be able to work despite the limitation. Unlike the cases that Defendant argues are

10

indistinguishable, the ALJ here did not incorporate into his findings the opinion of medical experts that the claimant could work. *See, e.g., Infantado v. Astrue*, 263 Fed.Appx. 469, 477 (6th Cir. 2008*)* (stating that the ALJ expressly noted in his decision the limitations found by claimant's doctor); *Taylor v. Comm'r of Soc. Sec.*, No. 10-12519, 2011 WL 2682682 at *8 (E.D. Mich, May 17, 2011) ("[T]his Court finds that [the doctor's] findings that Plaintiff has moderate limitations in [CPP] have to be considered in conjunction with his ultimate conclusion (twice reached) that . . . Plaintiff could perform unskilled work on a 'sustained basis.'").

Here, the ALJ appears to have relied exclusively on the VE in determining Plaintiff's ability to work. As such, the hypothetical should have incorporated the ALJ's finding of moderate limitation in CPP. As explained by a court in this district, "certain job categories may very well be eliminated if the hypothetical question were to fully include limitations created by 'moderate' concentrational difficulties." *Allen v. Comm'r of Soc. Sec.*, No. 09-13503, 2010 WL 3905194 at *3 (E.D. Mich. Sept. 30, 2010). An incomplete hypothetical, like the one here, is not substantial evidence.

The Sixth Circuit's holding in *Griffieth v. Comm'r of Soc. Sec.*, 217 F.App'x 425 (6th Cir. 2007) does not change the above analysis. In *Griffieth*, the ALJ found that claimant's depression was a "severe impairment," yet, relying on the reports of doctors and mental health professionals that his depression was under control and only mildly interfered with his ability to function, the ALJ did not incorporate his finding of severe depression into the hypothetical question to the VE. The Court stated: "The hypothetical the ALJ posed to the [VE] was consistent with the ALJ's factual determination that [Claimant] was able to engage in light work and that his depression

11

had little effect on his ability to perform basic work-related activities." *Id.* at 429.  Here, the ALJ does not appear to have made any factual determinations independent of the VE that Plaintiff was still able to work.  He relied on the VE to obtain this information.  As such, it was error to exclude a description of Plaintiff's moderate limitations in CPP from the hypothetical.

Lastly, the Court does not agree that the inconsistency between the ALJ's findings of moderate impairment, and his RFC and hypothetical, amounts to harmless error.  Remand here would not be an "idle and useless formality."  "[C]ertain job categories may very well be eliminated if the hypothetical question were to fully include limitations created by 'moderate' concentrational difficulties."  *Allen,* 2010 WL 3905194 at *3.

## VI. CONCLUSION

For these reasons, the Court **ADOPTS** Magistrate Michelson's R&R.  The case is remanded for further administrative proceedings.


**IT IS ORDERED.**

                                                     s/Victoria A. Roberts
                                                     Victoria A. Roberts
                                                     United States District Judge

Dated:  November 28, 2011

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 28, 2011.

s/Linda Vertriest
Deputy Clerk

13